**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Linda Ann Wrobel** <br><br> Plaintiff, <br><br> v. <br><br> **Markus Wrobel; EIT Benefit Funds, et. al.**; <br><br> Defendants. | **Case No.:** 21-cv-03859 |

## COMPLAINT FOR ADMINISTRATIVE REVIEW, CONSTRUCTIVE TRUST AND DECLARATORY RELIEF

Linda Ann Wrobel, ("Linda") for her complaint against Markus Wrobel ("Markus"), and her third-party complaint against the EIT Benefits Fund pursuant to 29 U.S. Code Section 1132 502 (a) (1) (B), ("EIT"), states as follow:

### NATURE OF THE CASE

1. This is an action for review of EIT denial of benefits pursuant to 29 U.S. Code Section 1132 502 (a) (1) (B), declaratory relief pursuant to the for a determination that pension benefit proceeds payable on the life of Mark Wrobel, deceased, are payable in trust for the benefit of the decedent's minor children in an indeterminate amount, pursuant to the provisions of decedent's Marital Settlement Agreement and Constructive Trust to be imposed upon Markus Wrobel's receipt of funds.

### PARTIES

2. Linda is the second wife of Mark Wrobel, deceased, ("Mark"), and is a resident of the Darien, DuPage County, Illinois.

3. EIT is an Illinois Pension Benefit fund, with principal offices in Chicago, Illinois, which, on information and belief, is holding death benefits pursuant to Mark's pension with EIT.

**4.** Markus is the child of Mark from a prior relationship and on information and belief was named as beneficiary to the Pension at the time of Mark's death.

## FACTS

5. Linda brings this action as the mother, guardian and next friend of the minor children MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,.

6. Linda was formerly married to Mark, and **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL** are the natural offspring of that marriage.

7. On April 11, 2013, a Judgment for Dissolution of Marriage was entered in DuPage County, Illinois Court, dissolving the marriage between Linda and Mark. Said judgment, included a Marital Settlement Agreement entered into between Linda and Mark dated April 11, 2013 (the "Settlement Agreement"). A copy of said Marital Settlement Agreement is attached hereto and made a part hereof as "Exhibit A."

8. Under the provisions of Section 4.4, paragraph 1 of the Settlement Agreement, Mark was obligated to maintain the children as beneficiaries of the EIT Pension.

9. At the time of Mark's death, Mark, on information and belief, was in possession of the EIT pension and the death benefit was of an indeterminate amount.

10. On information and belief, the beneficiary designation did not name either **MARELYN WROBEL, WALT WROBEL or JOHN WROBEL,** as beneficiaries of the pension, but instead, in violation and disregard of Mark's contractual obligation under the terms and provisions of the Settlement Agreement, named Markus as the sole beneficiary of said pension.

11. That the failure to name **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,** as the beneficiaries of Mark's pension, was and is a direct and knowing violation of the terms and provisions of Section 4.4, paragraph 1, of the Settlement Agreement entered into by Mark.

12. That, on information and belief, it is feared and suspected that Mark's failure to

name **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,** as the beneficiary may have been due to Markus's knowing, wrongful and malicious actions.

13. That as the consequence of said violation of the terms and provisions of Section 4.4, paragraph 1, of the Settlement Agreement, **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,** are vested under Illinois law with enforceable equitable rights to the proceeds of death benefit as beneficiaries on Mark's pension.

14. That Linda, on behalf of the children, submitted a claim for benefits to the Plan which was denied by the plan on 03/29/2021 (attached Ex. B).

15. That Linda timely submitted an appeal of the Plan's decision on April 6, 2021 (attached Ex C).

16. That on April 22, 2021 the Plan denied the appeal filed (Attached Ex D).

## FIRST CAUSE OF ACTION
### (*vs. Markus Wrobel*)

17. For paragraph 14, of this cause of action, Linda re-pleads and incorporates by reference paragraphs 1 through 13, hereof, as though fully set forth herein.

18. As the consequence of Mark's failure to name **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,** as the beneficiaries of his pension, pursuant to the terms and provisions of Section 4.4, paragraph 1., of the Settlement Agreement, **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,** are vested with equitable rights to said sum that are superior to all other claimants to any death benefits to the pension on Mark's life.

19. Alternatively, **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,** have been deprived of the benefit of the pension provisions of Section 4.4, paragraph 1., of the Settlement Agreement by virtue of Markus's knowing, wrongful and malicious influence on Mark which resulted in Mark naming Markus as the sole beneficiary of his pension in violation of the terms and

provisions of the Settlement Agreement.

WHEREFORE, Linda prays this court for entry of an order:

A. Declaring that under Illinois law, and pursuant to the terms and provisions of the Settlement Agreement between Mark and Linda, **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL**'s equitable right to the pension proceeds of Mark due upon his passing, is superior to any and all other claimants for the proceeds as a result of Mark's death;

B. Imposing a constructive trust on Markus and/or EIT for the benefit of **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,** with respect to any proceeds as beneficiary on Mark's pension which have been claimed by Markus or paid to Markus by EIT;

C. Directing that an accounting be made by Markus to the Court for any proceeds received by Markus from the pension proceeds;

D. Directing Markus to pay to Linda, as trustee for **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,** any proceeds received by or payable to Markus by the pension on the death of Mark, in the total amount paid, notwithstanding any other beneficiary designation lodged with EIT by Mark;

E. Granting judgment in favor of Linda against any proceeds payable as a result of Mark's death with EIT and attorney's fees costs incurred in the prosecution of this claim, pursuant to the provisions of Section 6.4 of the Settlement Agreement and 508 (b) of the Illinois Marriage and Dissolution Act;

F. And granting such other and further relief as this court may deem proper and just.

## COUNT II

### (*vs. EIT Benefits Fund*)

20. For paragraph 17, of this cause of action, Linda re-pleads and incorporates by

reference paragraphs 1 through 16, hereof, as though fully set forth herein.

21. As the consequence of Mark's failure to name **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,** as the beneficiaries of his pension, pursuant to the terms and provisions of Section 4.4, paragraph 1., of the Settlement Agreement, **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,** are vested with equitable rights to said sum that are superior to all other claimants to any pension proceeds upon Mark's death.

22. That EIT's denial of benefits of Plaintiff's was improper as they were the proper beneficiaries and review is sought to overturn EIT's determination pursuant to 29 U.S. Code Section 1132 502 (a) (1) (B).

WHEREFORE, Linda prays this court for entry of an order:

A. Declaring that under Illinois law, and pursuant to the terms and provisions of the Settlement Agreement between Mark and Linda, **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,**'s equitable right to the pension proceeds on Mark's passing in the total amount, is superior to any and all other claimants for the proceeds on Mark's pension resulting from his death;

B. Directing EIT, to pay to Linda, as trustee for **MARELYN WROBEL, WALT WROBEL and JOHN WROBEL,** 100% of the proceeds payable by EIT on the death of Mark, or such other amount as the Court may deem proper and just, notwithstanding any other beneficiary designation lodged with EIT by Mark;

C. Granting judgment in favor of Linda against any pension proceeds payable on the death of Mark; and

D. granting such other and further relief as this court may deem proper and just.

By: /s/Thomas T. Boundas
Thomas T. Boundas & Associates

Thomas T. Boundas
THOMAS T. BOUNDAS & ASSOCIATES
6428 Joliet Road, Suite 204, Countryside, IL 60525
708. 352. 4400 phone
tboundas@boundaslaw.com
ID: 6209806